NO.
12-06-00050-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

KEENAN FIELDS,  §                      APPEAL
FROM THE 7TH

APPELLANT

 

V.        §                      JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      SMITH
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Keenan
Fields appeals his conviction for possession of cocaine.  In four issues, Appellant contends that
the trial court erred when it denied his motion to suppress evidence.  We affirm.

 

Background








            On
September 4, 2001, the police were called to a residence in rural Smith County on
a report of gunshots having been fired. 
They arrived at the residence and observed a number of spent shell
casings in the front yard.  The
police knocked on the door to the residence but received no reply.  After conferring with the landlord, who
lived behind the house and had called about the shots being fired, the officers
returned to the home and were able to get Appellant to come to the door.  Appellant was wearing a heavy coat
despite the weather being warm.  The
police entered the home after asking for and receiving permission to do
so.  Upon entering the home, the
police obtained written consent to search the premises.  The police located a .22 caliber rifle
in the home, but the shell casings they had observed outside the home were of a
different size.  One of the officers
asked Appellant for consent to search his person, to which Appellant
agreed.  During the search, the
officer observed that Appellant had his hand in his coat pocket.  He asked Appellant what was in his
pocket, and Appellant pulled his hand out of his pocket, clenching in his hand
some currency and an unidentifiable object.  The officer asked Appellant what was in
his hand, and Appellant opened his hand, revealing a quantity of crack cocaine.  Thereafter, Appellant was arrested and
later indicted for possession of more than four grams of cocaine.

            Appellant
filed a motion to suppress evidence and requested a hearing on the motion prior
to trial.  At the hearing, Appellant
testified that he did not invite the police into the home, but that he simply
got out of their way as they entered the home.  He also testified that he signed the
written consent to search only after he had been arrested and did not consent
to a search of his person.  The
trial court denied Appellant’s motion to suppress, and Appellant pleaded
guilty.  Appellant also admitted
that he was an habitual offender, having twice before been convicted of felony
offenses, as alleged in the indictment. 
After a substantial delay, including time when Appellant was a fugitive,
the trial court assessed punishment at forty–five years.  This appeal followed. 

 

Suppression
of Evidence

            In
four issues, Appellant contends that the trial court erred when it denied his
motion to suppress.  Specifically,
Appellant argues that the State did not show that he consented to a search,
that a search of his clothing exceeded the scope of a Terry[1]
frisk, that he was not given Miranda[2] warnings prior to
the search, and that the police should have obtained a warrant before searching
the home.  

Standard of Review

            Our
standard of review of a trial court’s ruling on a motion to suppress is
bifurcated.  See Carmouche v.
State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000).  We give almost total deference to the
trial court’s determination of historical facts, but we conduct a de novo
review of the trial court’s application of the law to those facts.  See Carmouche, 10 S.W.3d
at 327.  The trial court is the
exclusive finder of fact in a motion to suppress hearing, and as such, it may
choose to believe or disbelieve any or all of any witness’s
testimony.  Romero v. State,
800 S.W.2d 539, 543 (Tex. Crim. App. 1990).  When, as here, the trial court does not
file findings of fact, we view the evidence in the light most favorable to the
trial court’s ruling and assume that the trial court made implicit
findings of fact that support its ruling. 
State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).

Applicable Law and Analysis

            The
Fourth Amendment to the United States Constitution prohibits unreasonable
searches and seizures.  U.S. Const. amend. IV.  The Texas Constitution contains a
similar prohibition.  See Tex. Const. art. I, § 9.  A warrantless search is unreasonable
unless it falls within certain specific exceptions, such as consent.  See Rayford v. State, 125
S.W.3d 521, 528 (Tex. Crim. App. 2003). 
To be effective, consent must be given freely, unequivocally, and
without duress or coercion.  See
Aldridge v. State, 850 S.W.2d 471, 493 (Tex. Crim. App. 1991).  The federal constitution requires the
State to prove that consent was voluntarily given by a preponderance of the
evidence.  Montanez v. State,
195 S.W.3d 101, 105 (Tex. Crim. App. 2006).  Under Article I, Section 9 of the Texas
Constitution, however, the State must prove by clear and convincing evidence
that consent was given voluntarily. 
Id.  Some of
the factors to be considered when evaluating whether consent was voluntarily
given are the youth of the accused, the education of the accused, the
intelligence of the accused, the constitutional advice given to the accused,
the length of the detention, the repetitiveness of the questioning, and the use
of physical punishment.  Reasor
v. State, 12 S.W.3d 813, 818 (Tex. Crim. App. 2000).  Whether the accused was advised that he
could refuse to consent can also be a factor.  Rayford, 125 S.W.3d at
528.

Consent

            In
his first and third issues, Appellant argues that he was not read his
constitutional rights before consenting to a search and that he did not consent
to any search of his person or of the home in which he was found.  The evidence conflicted on the issue of
Appellant’s consent to search the premises and his person.  One police officer testified that
Appellant consented to the search of the home and his person.  A second officer testified that he was
not present when consent was given to search Appellant’s person, and
either did not hear or did not recall Appellant giving the oral consent to
enter the dwelling.  On the other
hand, Appellant testified that he did not consent to the entry into his home,
that the signed consent to search was executed after the contraband was
recovered, and that he did not consent to a search of his person.  Appellant’s testimony about the
recovery of the cocaine was essentially the same as the officer’s
testimony.  Both agreed that the
officer asked Appellant why his hand was in his pocket, and both agreed that
Appellant removed his hand from the pocket and opened it at the officer’s
request.  

            The
question of consent, in this context, is first a factual determination.  The trial court believed the
officer’s testimony that Appellant voluntarily consented to the police
officers’ entry into the
home and that Appellant voluntarily surrendered the cocaine in his pocket.  It was not error for the trial court to
decide between the conflicting testimony in this way.  One officer testified that consent was
given, and the second officer testified that he was off the front porch when
consent to enter was given and that he was not present when the search was done
of Appellant’s person.  The
trial court reasonably could have believed this explanation and not considered
the testimony to be in conflict. 
Appellant had a clear motive to remember the incident differently, and
the trial court may have disbelieved him because he had previously been
convicted of two felonies, both crimes of dishonesty. 

            The
second part of our analysis is a de novo review of the trial court’s
application of the law to the facts. 
See Carmouche, 10 S.W.3d at 328.  There is substantial evidence to support
the conclusion that the consent was voluntarily given.  Appellant is not a teenager, and based
on his testimony, neither is he a naif—he admitted that he was a drug
dealer, and he had been to prison several times.  Although he testified that this was the
first time he had been asked for consent to search, the trial court could have
reasonably concluded that he was not overwhelmed by the police presence at his
house.  Furthermore, the written
consent to search, signed by Appellant, acknowledges a right to refuse a
search.  Finally, Appellant was not
detained or under arrest when he gave consent.

            On
the other hand, Appellant was not advised of his constitutional rights before
he gave consent to the various searches. 
Furthermore, he was advised only once that he could refuse a
search.  While the police officers
were not overbearing, according to the testimony, there were two or three
officers at the home, although not in the room, when Appellant gave consent to
search his person.

            After
reviewing the totality of the circumstances, we conclude that the State proved
by clear and convincing evidence that Appellant consented to a search of his
person and dwelling and that he voluntarily provided the cocaine to the
officer.  See Arroyo v. State,
881 S.W.2d 784, 789 (Tex. App.–Houston [14th Dist.] 1994, no pet.); see
also Rios v. State, No. 11–03–00370–CR, 2005 Tex.
App. LEXIS 3255, at *3–5 (Tex. App.–Eastland 2005, no pet.) (mem.
op., not designated for publication). 
Even by Appellant’s account, the police did not use any violence
or coercive techniques to obtain consent. 
By the testimony of the officer who obtained the consent, Appellant
simply said “yes” every time he asked to conduct a search.  The trial court’s finding that the
officer’s testimony was credible is a reasonable conclusion as was its
conclusion that Appellant voluntarily revealed the cocaine to the officer.  

Lack of a Warrant

            In
his second issue, Appellant also argues that the trial court should have
suppressed the evidence because the State did not secure a warrant.  Appellant is not specific as to whether
this argument relates to the search of the dwelling or his person—neither
of which revealed any cocaine—or the “search” of his
hand.  He is correct that the law
favors a search warrant and that a search conducted without a warrant is
unreasonable unless the search fits into a “specifically established and
well–delineated” exception to the general warrant requirement.  Rayford, 125 S.W.3d at 528
(citing Schneckloth v. Bustamonte, 412 U.S. 218, 93 S. Ct. 2041,
36 L. Ed. 2d 854 (1973)).  As
Appellant concedes, voluntarily given consent is an exception to the general
warrant requirement, and the police are not required to obtain a warrant when
they have obtained consent to search. 
Rayford, 125 S.W.3d at 528.  Because we have determined that the
trial court could have reasonably found that Appellant consented to the search
of his person and the home, and voluntarily revealed the cocaine in his hand,
the search in this case fits into one of the specifically established and
well–delineated exceptions to the warrant requirement.  Therefore, the police officers were not
required to obtain a warrant to search Appellant’s person or home.

Scope of the Search

            In
his fourth issue, Appellant argues that the trial court should have suppressed
the evidence because the search of Appellant’s pockets exceeded the
permissible scope of a pat down search. 
Called a Terry frisk or a pat down search, in some instances
the police are permitted to conduct a limited search of an individual’s
person to satisfy themselves that the person is not armed.  See Terry v. Ohio, 392
U.S. 1, 27, 88 S. Ct. 1868, 1882–83, 20 L. Ed. 2d 889 (1968).  Appellant is correct that a search that
exceeds the scope of a brief pat down for weapons may be unreasonable.  See Minnesota. v. Dickerson,
508 U.S. 366, 378–79, 113 S. Ct. 2130, 2138–39, 124 L. Ed. 2d 334
(1993).  Appellant argues that the
frisk in this case was unreasonable because the police officer put his hands
into Appellant’s pockets, rather than patting the outside of his
clothing, and that the officer patted Appellant down two times.  Although no cocaine was recovered as a
result of the frisk, we need not consider whether the officer exceeded the
scope of a Terry frisk because the trial court found, and we have
held, that the cocaine was recovered as a result of Appellant’s voluntary
acts.[3]  See, e.g., In re R.
S. W., No. 03-04-00570-CV, 2006 Tex. App. LEXIS 1925, at *17–19
(Tex. App.–Austin Apr. 28, 2006, no pet.) (mem. op., not designated for
publication) (Trial court did not err in not suppressing evidence where
defendant voluntarily complied with a police officer’s request to reveal
the contents of his pockets.). 

Conclusion

            The
trial court’s ruling that the cocaine was recovered as a result of
Appellant’s voluntary consent to the police entry into the home and his
voluntary surrender of the cocaine in his pockets is supported by the record
and not in error.  The police were
not required to obtain a search warrant to continue their search so long as
Appellant consented to the search. 
Because we find that Appellant consented to search of his person, we
need not decide whether the frisk of Appellant’s person exceeded what the
police could have done without his consent.  We overrule Appellant’s four
issues.

Disposition

            Having
overruled Appellant’s four issues, we affirm the trial
court’s judgment.

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

Opinion delivered December 1,
2006.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 

(DO NOT PUBLISH)











[1] Terry v. Ohio, 392 U.S. 1, 16,
88 S. Ct. 1868, 1877, 20 L. Ed. 2d 889 (1968).





[2] Miranda v. Arizona, 384 U.S.
436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).





[3] Appellant does not argue that an illegal frisk
tainted the consent manifested by Appellant’s opening his hand at the
request of the officer.